IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:19-CR-00060-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| BOBBY ROGER BURCH ) | |

WHEREAS, the defendant, BOBBY ROGER BURCH, has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Fed. R. Crim. P. 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property as defined by 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and/or 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein; the defendant waives his interest, if any, in the property and agrees to the forfeiture of such interest;

WHEREAS, the defendant herein waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty;

1

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the **following property** is forfeited to the United States:

- **Remington, .22 caliber rifle, serial number unknown;**
- **Rossi, .243 caliber rifle, serial number unknown;**
- **Stevens 120, .22 caliber rifle, bearing serial number D078159;**
- **Howa 1500, .204 caliber rifle, bearing serial number B266160;**
- **Winchester 37A, .410 gauge shotgun, bearing serial number C892774;**
- **Marlin 60, .22 caliber rifle, bearing serial number 14426762;**
- **Marlin (Glenfield) 80, .22 caliber rifle, bearing serial number 18418474;**
- **Remington 10-A, 12 gauge shotgun, bearing serial number 120257;**
- **Winchester 67, .22 caliber rifle, serial number unknown;**
- **Winchester 77, .22 caliber rifle, bearing serial number 43005;**
- **Remington 510 Target Master, .22 caliber rifle, serial number unknown;**
- **New England Firearms SB1, .410 gauge shotgun, bearing serial number NC281323;**
- **Sig Sauer P6, 9mm caliber pistol, bearing serial number M413727;**
- **Hi-Point C9, 9mm caliber pistol, bearing serial number P10023080;**
- **Remington 700, .243 caliber rifle, bearing serial number E6476764;**
- **Western Field M550ABR, 12 gauge shotgun, bearing serial number D30968;**

- Palmetto Arms PA-15, .223 caliber rifle, bearing serial number LW297426;
- Savage 93, .22 caliber rifle, bearing serial number 2748458;
- Mossberg 395 KB, 12 gauge shotgun, bearing serial number 383759;
- Ruger 96, .22 Magnum caliber rifle, bearing serial number 620-09670;
- Winchester 94AE, .30-30 caliber rifle, bearing serial number 6462323;
- Stevens 67, 12 gauge shotgun, bearing serial number D361566;
- Sears & Roebuck Ted Williams Special, 12 gauge shotgun, bearing serial number P236062;
- Harrington & Richardson 83, 12 gauge shotgun, bearing serial number AX632626;
- Stevens 9478, 12 gauge shotgun, bearing serial number C778838;
- Universal Firearms J8, 12 gauge shotgun, bearing serial number H18947;
- Winchester Model 1 Super X, 12 gauge shotgun, bearing serial number M5926;
- Savage Mark II, .22 caliber rifle, bearing serial number 1554051;
- Remington, .22 caliber rifle, bearing serial number 2544230;
- J. Double Action 1900, .22 caliber revolver, bearing serial number 14885;
- Winchester 290, .22 caliber rifle, bearing serial number 221878;
- Mossberg 535, 12 gauge shotgun, bearing serial number AT145486;
- Sig Sauer P320, .45 caliber pistol, bearing serial number 58A116462;
- Savage Axis, .308 bolt action rifle, bearing serial number J884910;
- Marlin XT-17, .17 HMR caliber rifle, bearing serial number MM24898E;
- Remington 870 Express, 12 gauge shotgun, bearing serial number W905351M;
- Revelation 350, .410 gauge shotgun, bearing serial number D5C5143;
- North American Arms, .22 magnum revolver, bearing serial number E194310;

- **Browning Arms 783, 12 gauge shotgun, serial number unknown; and**
- **All ammunition seized from Bobby Roger Burch during the course of the investigation.**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to disposal by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Fed. R. Civ. P. 45.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

SO AGREED:

for ⇒)

_____
JONATHAN D. LETZRING
Assistant United States Attorney

_____
BOBBY ROGER BURCH
Defendant

_____
TED BESEN
Attorney for Defendant

Signed: September 30th, 2019

_____
W. CARLETON METCALF
United States Magistrate Judge
Western District of North Carolina

5